**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4055

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREW BRADLEY GEARHEART,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Thomas T. Cullen, District Judge.  (7:23-cr-00013-TTC-1)

Submitted:  May 30, 2025                                                      Decided:  June 5, 2025

Before KING, THACKER, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Mary Maguire, Federal Public Defender, Benjamin Schiffelbein, Abigail Thibeault, Assistant Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Bradley Gearheart appeals his conviction follow a jury trial of aiding and abetting the making of a false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. §§ 2, 922(a)(6). Specifically, Gearheart was convicted of aiding and abetting the straw purchase of a pistol from Doomsday Tactical ("Doomsday"), a federally licensed firearm dealer. In completing that purchase, the straw purchaser, L.S., falsely certified on the required Bureau of Alcohol, Tobacco, Firearms and Explosives's Form 4473[1] that she was the actual buyer of the pistol when, in fact, she purchased the pistol on Gearheart's behalf. Gearheart contends that the evidence at trial was insufficient to establish that he possessed the requisite state of mind to aid and abet L.S.'s false statement. Finding no error, we affirm.

"We review the sufficiency of the evidence de novo, sustaining the verdict if, viewing the evidence in the light most favorable to the Government, it is supported by substantial evidence." *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir. 2023) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (alteration and internal quotation marks omitted). "[T]he

---

[1] As discussed at trial, an individual purchasing a firearm from a federally licensed firearm dealer must complete Form 4473, which requires the would-be purchaser to certify that she is the "actual transferee/buyer of the firearm[]." *See Abramski v. United States*, 573 U.S. 169, 173 (2014) (internal quotation marks omitted).

2

jury's verdict must stand unless we determine that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Watkins*, 111 F.4th 300, 308 (4th Cir. 2024) (internal quotation marks omitted). When undertaking this analysis, we "cannot make [our] own credibility determinations but must assume that the jury resolved all contradictions in testimony in favor of the Government." *United States v. Freitekh*, 114 F.4th 292, 308 (4th Cir. 2024) (internal quotation marks omitted). "A defendant bringing a sufficiency challenge therefore bears a heavy burden, and reversal is warranted only where the prosecution's failure is clear." *Wysinger*, 64 F.4th at 211 (internal quotation marks omitted).

To prove that an individual violated § 922(a)(6), the Government must establish that the individual "(1) knowingly made (2) a false or fictitious statement (3) that was material to the legality of the firearm transaction and (4) was intended or likely to deceive the firearms dealer." *United States v. Fulton*, 136 F.185, 189 (4th Cir. 2025). In the context of a straw purchase, a misrepresentation on Form 4473 as to the identity of a firearm's actual buyer is a materially false statement that supports a § 922(a)(6) violation, even if the actual buyer could have lawfully purchased the firearm. *Abramski*, 573 U.S. at 187-90.

"A defendant is guilty of aiding and abetting if he has knowingly associated himself with and participated in the criminal venture." *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (en banc) (internal quotation marks omitted). "To convict a defendant under an aiding and abetting theory of liability, the jury must find that the defendant (1) took an affirmative act in furtherance of the underlying offense and (2) did so with the

3

intent of facilitating the offense's commission." *United States v. Odum*, 65 F.4th 714, 721 (4th Cir. 2023) (internal quotation marks omitted).

Focusing on the defendant's state of mind, "a person aids and abets a crime when (in addition to taking the requisite act) he intends to facilitate that offense's commission." *United States v. Oloyede*, 933 F.3d 302, 317 (4th Cir. 2019) (internal quotation marks omitted). "A person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission." *Rosemond v. United States*, 572 U.S. 65, 77 (2014). "[T]he intent must go to the specific and entire crime charged." *Oloyede*, 933 F.3d at 317 (internal quotation marks omitted). In the context of a straw purchase, the defendant need not "expressly know that a straw purchaser must falsify specific portions of a Form 4473"; instead, the Government must prove that the defendant "encouraged the straw purchaser to represent herself as the 'actual buyer' and that, in order to do so, she was required to lie on the Form 4773." *United States v. Fields*, 977 F.3d 358, 364 (5th Cir. 2020) (alteration and internal quotation marks omitted); *see United States v. Shorty*, 741 F.3d 961, 970-71 (9th Cir. 2013); *United States v. Soto*, 539 F.3d 191, 195-96 (3d Cir. 2008).[2]

Gearheart argues that the evidence was insufficient to establish that he knew L.S. would lie when purchasing the pistol, observing that he was not prohibited from possessing

---

[2] The district court provided jury instructions consistent with this out-of-circuit authority, which Gearheart does not fairly challenge in this appeal. *See United States v. Boyd*, 55 F.4th 272, 279 (4th Cir. 2022) (explaining that arguments not raised in opening brief generally are forfeited).

a firearm had could have lawfully obtained one himself as a gift or through a private sale.

Gearheart asserts that *Fields*, *Shorty*, and *Soto* are factually distinguishable because, in each case, the defendant engaged in affirmative conduct that provided clearer indicia of their knowledge that the firearm purchase was unlawful. Unlike those cases, he asserts, the only evidence suggesting that he knew that L.S. would lie was his decision to wait in the car while she purchased the firearm inside Doomsday.

We are unpersuaded. "[A] defendant's knowledge or intent is ordinarily not susceptible to proof by direct evidence," but instead "through reasonable inferences from circumstantial evidence." *Watkins*, 111 F.4th at 309. Viewing the evidence in the light most favorable to the Government, a reasonable juror could infer that Gearheart directed L.S. to drive to Doomsday, where he provided her with money and waited in the car while she purchased the specific pistol that he selected. Immediately after the purchase, she gave him the pistol and his cash change in Doomsday's parking lot. Gearheart admitted that he knew he could not lawfully purchase the pistol from Doomsday, and the jury could reasonably infer that he knew L.S. was not going to give or sell him the pistol when he provided her with money before she entered the store. Moreover, a reasonable juror could infer that Gearheart chose to remain in L.S.'s car to ensure that she could represent herself as the pistol's purchaser without raising suspicion as to the actual buyer's identity.

Gearheart attempts to analogize to *United States v. Winstead*, 708 F.2d 925 (4th Cir. 1983), in which we reversed a defendant's convictions for aiding and abetting the false identification and marketing of flue-cured tobacco after finding insufficient evidence that the defendant was "aware of the principals' criminal intent and the unlawful nature of their

5

acts." *Id.* at 927 (internal quotation marks omitted). *Winstead* supports the rule that a defendant cannot aid and abet an offense unless he is aware of the facts that render the principal's conduct criminal. *See id.* at 927-29; *cf. United States v. Ford*, 821 F.3d 63, 69-70 (1st Cir. 2016) (holding, in context of 18 U.S.C. § 922(g)(1) conviction, that defendant is guilty of aiding and abetting if he "knows the facts that make his conduct fit the definition of the offense," even if he does not know those facts constitute crime (alteration and internal quotation marks omitted)). Here, however, it is undisputed that Gearheart knew he was not permitted to purchase a pistol from Doomsday. And, a jury reasonably could infer that Gearheart knew L.S. would have to represent herself, rather than Gearheart, as the pistol's buyer to obtain it from Doomsday. Thus, the evidence permitted the jury to infer that Gearheart knew of the facts that rendered L.S.'s conduct criminal, even if he did not recognize that they constituted a crime. *See United States v. Moody*, 2 F.4th 180, 198 (4th Cir. 2021) (reaffirming that "ignorance of or mistake about the legal consequences of one's actions is not a defense to a criminal charge"). Under *Fields*, *Shorty*, and *Soto*, we conclude the evidence was sufficient to establish that Gearheart aided and abetted a § 922(g)(6) offense.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6